8 F.3d 72
 303 U.S.App.D.C. 419
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Andre D. LIGHT, Appellant.
 No. 92-3224.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 20, 1993.
 
 Before: WILLIAMS, SENTELLE and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed. Although the prosecutor's references to Martin Luther King's birthday in his opening and closing remarks were utterly irrelevant, the district court's failure to intervene was not error. The prosecutor's comments had no bearing on the credibility of Ms. Broome whose testimony was at the heart of the government's case, and the district court cautioned the jury not to consider the lawyers' arguments as evidence in the case. Moreover, because Officer McNichol's testimony made clear that he wanted appellant detained because he suspected appellant had discarded the shotgun, the prosecutor did not misstate Officer McNichol's testimony. Cf. United States v. Allen, 960 F.2d 1055, 1059 (D.C.Cir.), cert. denied, 113 S.Ct. 231 (1992) (prosecutor's reference to defendants as "controllers" and "runners" in closing argument was proper inference from the evidence at trial). Nor did the prosecutor offer Officer McNichol's statement for its truth. Rather, the testimony was offered to explain the origins of appellant's arrest. Such testimony is permissible. See, e.g., United States v. Love, 767 F.2d 1052, 1063 (4th Cir.1985), cert. denied, 474 U.S. 1081 (1986) (out-of-court statement is not hearsay if it is offered for the limited purpose of explaining why a government investigation was undertaken). Finally, because Ms. Broome was the only eyewitness, only she could "verify" Officer McNichol's suspicions that appellant had discarded the gun. Thus, appellant's argument that the prosecutor attempted to bolster Ms. Broome's credibility by remarking on her ability to "verify" police suspicions is unavailing.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.